May it please the court. My name is Richard White. I'm the attorney for Samuel Kama. He is the appellant in this case. This case started back in January of 1999 when the Portland Police Bureau seized about two and a half grams of marijuana from my client, Mr. Kama. We filed a motion in the Multnomah County Circuit Court requesting return of that property. The motion with regard to the two and a half grams of marijuana was granted. The City of Portland then appealed this case to the Oregon Court of Appeals. They issued an opinion citing federal law upholding the decision. Counsel, let me get to the point of the case that troubles me. I'm sure we've all studied the briefs and know what you're telling us right now. The law seems to be established that in federal court a motion to return property is equitable in nature. If you're denied the equitable relief of the return of this small quantity of marijuana for medical use that had been held for four years by this time, I would think that except for the problem of the whole commerce being illegal, let's say it's a legal substance and the court has seized your bottle of aspirin and they have no excuse for it. They've been holding on to this aspirin for four years. So you move for return of your bottle of aspirin and you're going to probably be denied the equitable relief because you can just go out and buy another bottle of aspirin. And for that matter, you can bring an action for inverse condemnation and get compensated for your bottle of aspirin. Why wouldn't the same thing apply to the marijuana? Well, the state court was the first court to get jurisdiction over this case. And there is certainly a tension between the courts when another court tries to step in on the jurisdiction. I don't see where there's any tension actually. That doesn't address my question. That addresses this question of the race. But it seems to me that once the Oregon court has ordered the return of the marijuana to its owner, it is no longer asserting control of the race. So there is no issue of comity if the federal court says, we'll take it. Well, the property was never returned. And I think that makes sense. True. But once it had been ordered returned, that means the court is abandoning all claim that the court has to hold on to it. It relinquished control completely. Well, I think that happens once the property is actually returned. But it was still in the possession of the Portland Police Bureau. Why doesn't it happen once the court says, we don't want it, give it back? Because it was still being held at that time by the Portland Police Bureau. I think that until the property is actually returned to the person requesting the property, there is still jurisdiction over the case. The real concern, I think, is that the federal government never did anything in order to inject themselves into the state court proceedings with regard to this case. Maybe you could address now the question of mine that I asked you and you did not answer, the one about why do you need equitable relief when you've got inverse condemnation available to get compensated for property that's been taken? Well, because this is important medicine, and there is no, this is important medicine for my client. Important? I once had a case where I represented a woman whose boyfriend was a hitman, and they thought he'd used her truck. So they took her truck, and after they'd had it six or eight months, she said, I need my truck to get to work, you know, I need my truck. So I moved for return of her truck. It was real important. She really needed her truck. And still, I think that if the state government had needed to do more tests on it or wanted it indefinitely, they could have just paid her for the truck, bought it from her, condemned it. Why can't they do that with the marijuana? Well, because we're talking about an important medical issue here. If someone is in need of medicine, then a doctor. But the medicine, there's a market for it, except to the extent that it's contraband, and the market is criminal. Well, there is no legitimate market for medical use of marijuana. That would seem to justify not returning it, because you can't return something. If giving marijuana to somebody is a crime, you can't very well order the court clerk to commit it. Well, as I would argue later in my brief, the people of Oregon did pass the Oregon Medical Marijuana Act, and the states are traditionally the government bodies who have authority over medical matters. You know, I don't really follow it. There are a lot of things that are against federal law but are not against state law, like possession of eagle feathers. You possess an eagle feather, state troopers won't bother you. But some federal agent will bust you for it. Why wouldn't the marijuana just be the same thing? Because there isn't an absolute categorical ban of marijuana, even under the federal system. As is cited in the briefs, there are exceptions that do allow for the medical use of marijuana, even under the federal statutes, albeit they are fairly limited in situation. But there is no absolute categorical ban. The problem with the federal government's activity here is that it really exceeds their authority under the Commerce Clause. I find that argument appealing, but isn't it precluded by a Ninth Circuit case? Well, actually, I think it's upheld by the Ninth Circuit case. The Raich v. Ashcroft case does indicate that there really isn't any interstate commerce with regard to the use of medical marijuana. What's the status of that case? That one is currently in front of the United States Supreme Court. I believe that argument is scheduled later on this month in that case. So the Ninth Circuit opinion has no precedential value. There is also the concurring opinion by Judge Kuczynski in the Conant v. Walters case, where he also indicates that there is, quite frankly, no connection between interstate commerce and the medical use of marijuana. If you take a look at Oregon's statute, there is no economic activity with the medical use of marijuana. I think we have a Ninth Circuit case that says that the congressional prohibition of possession of marijuana is not outside its powers under the Commerce Clause. It says it without reference to medical marijuana. It says it in all respects. Isn't that right? I think that's the main problem with that because they don't specifically address the issue of medical marijuana. That is, quite frankly, left out in the open under the Controlled Substances Act. The State of Oregon and eight other states have specifically addressed that issue. They have specifically either found through referendum or through legislature. Under the Supremacy Clause, the states don't get to overturn federal law. But there is no specific prohibition against medical marijuana under federal law. Well, if the feds say, no marijuana, no how, no way, for nothing, and somebody says, well, what about medical marijuana? You haven't talked about medical marijuana. It seems to me they have. I would argue that there is no congressional findings or nothing in the record that suggests that they have made specific findings with regard to the issue of medical marijuana. And, again, I would argue that there isn't a categorical ban on possession of medical marijuana, even under the federal system. The problem is that as applied to this case, as the federal government has tried to apply the Controlled Substances Act to this case, they have failed to meet their burden to show that there was some kind of interstate commerce that would give them authority over the interstate commerce issue. Back to what I was getting at at the beginning. It seems to me that we review the kind of balancing that an equitable determination involves with some deference. And the judge considered you haven't had this tiny amount of marijuana for four years now, and he considered all the equitable factors, decided against your side equitably. It seems to me that in order to test the issue of whether Congress really can and really has prohibited the sort of medical use of marijuana at issue here, what you'd have to do is bring an inverse condemnation claim for the market value of the marijuana. Because that way you don't have any kind of balancing, any kind of equitable issues. And the Supreme Court has said in Loretto that there isn't any de minimis exception. Well, I think that providing compensation for taking someone's medicine from them is sufficient. I would argue that it would be unconscionable for someone who has a serious medical condition, for someone to come in and take medicine that a doctor said they need, that they think is necessary to their medical condition. If you had some medicine of mine that was prescribed four years ago, getting it back really probably wouldn't be very important anymore. I disagree with that. Because I think that if there's a precedent set that the federal government can seize someone's medicine, even if that medicine is very important to sustain their health or to, quite frankly, try to improve their health, the harm is done at that moment. And, quite frankly, the harm continues as long as they hold on to that medicine. But it also sets a precedent in the future that would allow the government to again seize someone's medicine. And I think that there are certain types of medicines that are quite important sometimes to determine whether people live or die. Should we hold this case to see what the Supreme Court does in the Raich case? I would argue no, and for two reasons. First of all, the jurisdictional issue, which I raised in my brief, I think is sufficient to grant our request in this case. The federal government simply didn't involve themselves in the state court proceedings. The state court did rule on issues of federal law when determining that this medicine should be returned to Mr. Kama. They essentially waited until six days after the Supreme Court issued their decision to really do an end run around the state court's jurisdiction. And if you look at the general Penn casualty case, it really addresses this specific issue. It indicates that, you know, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. And the reason for that is to avoid the unseemly and disastrous conflicts in the administration of our dual justice system and to protect the process of the court of the first jurisdiction. And that's really exactly what the federal government did here, is they really tried to circumvent the process of the state court jurisdiction rather than becoming involved in that process. That's what the whole 14th Amendment and the Civil Rights Movement was all about. Well, I think that the federal government should have intervened at some point in the state court proceedings or should have appealed it to the United States Supreme Court. They refused or failed to do either of those. They instead tried to essentially ignore the orders of all three of the Oregon courts that did consider this issue. The second reason why you shouldn't wait on the Ray versus Athcross case for the United States Supreme Court is that that case really dealt with the Commerce Clause. And that case found that the California Medical Marijuana Act didn't involve activities that rose the level of interstate commerce. Oregon's law is far more restrictive than California's law. It really doesn't allow any type of economic activity whatsoever. It doesn't allow any type of transfer of controlled substances for consideration by any party who is involved in the medical marijuana program. There is absolutely no indication that there is any impact whatsoever on interstate commerce. And because Oregon's law is far more restrictive than California's law on that point, there is a strong and important reason to rule that there is no interstate commerce in this case. And therefore, the federal government's activity does exceed their authority on the interstate under the Commerce Clause. Would you like to retain the rest of your time to rebut? I would like to address a few more issues. How do you argue or contradict the fact that a state judge has found that the marijuana that your client had was grown illegally in Oregon? I'm sorry. The judge had found that he had that the property was growing marijuana and state police, due to a search warrant, seized the marijuana. How can you claim how can you claim that in this court, you should have claimed it in the state court, that the officers had no jurisdiction to seize that marijuana? Well, the property we're talking about here was two and a half grams of marijuana that was found on Mr. Kama's person. Period. That's the only issue that's being addressed here. There weren't any issues with regard to Mr. Kama with regard to growing marijuana or manufacturing or delivering marijuana. There were certainly some suggestions of that, but Mr. Kama was never prosecuted, either under state or federal law, for that. Well, the state court, if the state judge has found it illegal, how can you say it's legal? Well, I disagree. The state courts didn't find Mr. Kama's possession of that marijuana illegal. They found it to be illegal because he was a qualified patient under Oregon's Medical Marijuana Act. They ordered it to be returned to him? Yes, the property, the marijuana that was ordered to be returned. And then the feds intervened? Six days after the And what gave the feds the right to intervene, to contradict the state order? Well, I think that because it involves issues of federal law, that the state would have excuse me, that the federal government would have a right to intervene on that point, on that issue, to litigate the issues regarding federal law. The fact is they simply chose not to litigate these issues. They decided to try to circumvent the orders of the Oregon courts. Did it ever occur to you that maybe the federal government didn't have authority to issue a search warrant to seize property in the possession of the state? Well, I think they can do that before jurisdiction has been established by the state court. What does the enforcement statute say concerning who they can seize marijuana from? Federal statutes? Yes, the federal statutes. Federal statutes say they can seize it from a person. But the state court is not a person. Right? No, it's not. It never occurred to you? That issue did not occur to me, no. Is two and a half grams of marijuana that's four years old usable? I believe it is. I believe that it's I was thinking it's not enough to smoke and so stale that the THC would be gone anyway. But I don't know anything about marijuana, really, and I'm just making that up. It bears on the equitable determination, though, if you get to that. I honestly don't know. I would suspect that something, as it gets older, certainly loses its potency. I'm thinking two and a half grams. Let's see, what is it, 25 grams to the ounce? Twenty-eight. Twenty-eight grams to the ounce. Two and a half grams of four-year-old pipe tobacco would be worthless. Well, pipe tobacco is something that you use recreationally, but this is medicine for my client. That wouldn't be the distinction. If the pipe tobacco was medicinal, it would still be worthless because it would have no more flavor and it wouldn't be enough to smoke. Well, I think that I would have to speculate here, but I think that there is still medical value to the marijuana that was seized. It may be diminished, just like other controlled substances, other prescriptions. There's usually an expiration date. It doesn't mean that they're necessarily not effective after that date, but I think it is a suggestion that they do lose effectiveness over time. But I think the concern is that if it's okay for the government to hold on to this medicine for four years, I don't think that means that it's okay for them to initially seize that medicine. Okay, not okay is a different distinction from as a matter of equity it must be returned or as a matter of equity it need not be returned. Well, I would argue that as a matter of equity, given the Oregon court decisions, given the fact that this is medicine that my client's doctor has indicated is very important for his health, there are lots of equitable reasons that this should be returned to him. And there is state law and, quite frankly, a lack of federal law to justify that return. Suppose it was medicine. When I give prescription medicine, it usually has a deadline on it. And so if it was four years old, I couldn't very well tell the court I need it for my health because it says right on the bottle, I'm not allowed to take it anymore for my health. Well, I think that that certainly does apply to certain types of prescriptions. Whether there is no, I would argue that there certainly isn't any evidence that marijuana that's four years old has no value. I think that it still retains some medical value. And so I think it is still important that my client be able to have that property. But, again, my concern is that if the property, the medicine had value at the time it was seized. And when that medicine was seized from him, the police essentially deprived him of medicine that his doctor felt was important. If the police can seize someone's medicine for whatever reasons they choose, it has a substantial impact on anyone who relies on their prescription medication. If there's someone who needs medication in order to live on a daily basis and the police decide to seize it for whatever reason, the error and the harm happens at that very moment. In this case, the error and the harm happened the moment the Portland City Police Bureau seized the medical marijuana from my client. The harm continued and it still continues to this day because it still hasn't been returned. Part of the problem here is that you didn't really challenge the district court's conclusion that it lacked equitable jurisdiction. You didn't raise that in your blueprint. Well, my argument there is that the court should have never authorized the seizure warrant in this case. Should never have authorized what? The court should have never authorized the seizure warrant in this case. They should have never started the ball rolling that put them in a position to have to rule on the Rule 41 motion. The court should have declined to issue the seizure warrant in this case because, first of all, the jurisdiction had already been established by the state courts. And second of all- What was the nature of the action in the district court? In the- Did you invoke the equitable jurisdiction of the court to return property? There was an argument with regard to equitable jurisdiction. The case was argued based on the- I'm forgetting the name of the case, but the court asked us- Ramston. Ramston, yes. And the court asked us to brief the four factors that the court should apply. And you didn't challenge that in your blue brief, the court's determination? I didn't challenge- I don't think you responded in your gray brief either when Red argued it. I don't think you have an argument in response to their Ramston argument, do you? I did not challenge that in my brief. Again, I was going to the fact that the court should have- So what we've got here is the district court made a determination and it has not been challenged in the blue brief as wrong. And when the Red brief said that there was no jurisdiction, no equitable jurisdiction to entertain the motion under Ramston, you did not dispute that argument in the gray brief. Is that correct? That's correct, yes. But the point I go back to is that that seizure order should never have been issued because of the jurisdiction question. Yeah, but if the district court doesn't have any equitable jurisdiction to return it to you, then you're not dealing with a real case or controversy. It just becomes an abstract proposition because there's no pot of gold at the end of the rainbow. It's just an abstraction once the court doesn't have jurisdiction to return it to you. Then we're just deciding an issue, but there's no there there. If the federal government didn't have jurisdiction over this property, the property would have been returned to my client and the issue would have gone away. But the court did exercise jurisdiction over the case. Who has possession of the marijuana today? I believe it's the DEA down in San Francisco. What? I believe it's the DEA down in San Francisco. It's in the possession of the state court? No, it is in the possession of the federal- I believe the DEA did take possession of the marijuana after the seizure warrant was issued. They took it away from the state? Yes, they did. You have no time left? And the state acceded to that? I'm sorry? And the state acceded to that? The state did object in- It was in lawful possession of the state. And the federal government seizes it from the state? Yes. And that's tolerable? I don't think it is, Your Honor. How come the state turned it over? Because of the seizure warrant that was issued by the federal district court. The city of Portland's office did challenge the seizure warrant in federal court after the Oregon Supreme Court refused review of the case. At that time, the federal district court granted the seizure warrant, and then the marijuana was turned over to the DEA, was seized by the DEA. So what happens if you win on the shouldn't have issued the search warrant in the first place, assuming when we start from the proposition that there's no equitable jurisdiction and no appeal in the equitable jurisdiction, so you don't get it back? What do you win by getting somebody like us to hold that the warrant shouldn't have been issued in the first place? The property should be returned back to the city of Portland, and then the orders of all three of the courts from Oregon- But that was decided by the court when it decided it had no equitable jurisdiction. You can't get there from where you are. That rug was pulled out from underneath you, and you didn't appeal it. I go back to the argument I had before, is that the federal court should have never entered into any jurisdiction. Let's say all that's true. I thought no equitable jurisdiction meant I don't have the power in these circumstances to order the DEA to give the marijuana back to anyone. Over and out. That's exactly what the ruling was. And you didn't appeal it. Well, I think that there is authority under state law to do so, and I think there's a lack of authority under federal law to prevent that from happening. Okay, your time has expired. You haven't retained any for rebuttal. Thank you, counsel. We'll hear from the other side. May it please the court, Mark Quinlivan on behalf of the United States. The central issue in this case is whether the district court views its discretion in declining to exercise equitable jurisdiction, and Mr. Kama has weighed that issue on appeal. As the court has noted, and as we noted in our red brief, he does not generally challenge the district court's determination that it lacked equitable jurisdiction to entertain the motion for a return of property, nor does he specifically challenge any of the four factors outlined by this court in Ramston. He says, nevertheless, he can attack the validity of the issuance of the search warrant in the first place. For what purpose, I'm not sure. I don't believe that's the case, your honor. I think, Judge Trott, that you formulated the issue entirely correctly. If the district court does not have equitable jurisdiction to entertain the motion for return of property, then it does not have equitable jurisdiction to consider any of the merits arguments about why the marijuana should or should not be returned. In fact, all of the arguments, which Mr. Kama raises in his briefs, go to the merits of whether or not the marijuana should be returned. They don't deal with the threshold question of whether this court has equitable jurisdiction. A good analogy is there are oftentimes questions, for example, about whether a law enforcement officer can rely on a warrant that turns out to have been improper but was seemingly facially valid at the time. This court, in the J.B. Manning case, said that on the merits of a motion for return of property, it would not apply the Supreme Court's statement in the United States v. Leon, but it left open the question whether that would be relevant to the callous disregard, which is the first element of the four Ramston factors. Since that time, the district court in this case and the Eighth Circuit in the case in Ray, the matter of 4801 Filer Avenue, which is 879 Federal 2nd Series, I'm blanking on the pinpoint.  But both of those courts have subsequently held that the question of whether or not the government acted in callous disregard can be answered in the negative if the government was relying on a facially valid warrant. That's why, in our view, if this court agrees that the question of whether the district court had equitable jurisdiction has been weighed, that there's no reason to wait for the Supreme Court to resolve the Rage case. I'll just note that that case is going to be argued before the Supreme Court on November 29th. When the U.S. district court vacated this order, staying in the warrant, where was the marijuana? The marijuana at that time was with the Portland Police Bureau. Was with what? The Portland Police Bureau. Okay. Now the question then becomes, did the district judge have a right to issue a warrant, search warrant? Yes, he did. Authorizing the federal government to seize property which is in possession of the state of Oregon. Yes, it did, Your Honor. What law says that? 21 U.S.C. Section 881. That section says person. That section says person, and the state of Oregon is not a person. Your Honor, I'm reading from that section, and it says, 881A.8 says, all controlled substances which have been possessed in violation of this subchapter may be forced. What does the enforcement statute say? The enforcement statute, that's 21 U.S.C. Section 841A.1. It says person. It does say person, that's right. And the state of Oregon is not a person. That would depend on the definition section. Well, you can look all you want to, and you're not going to find the definition. The definition of a person is a person. How do you define a person other than a person is a person? Your Honor, I would have to Believe me, believe me, there's no definition. So how can the federal government get a warrant against the state of Oregon when there's no statute in the world that authorizes it? Well, Your Honor, If the marijuana was in possession of the defendant, that would be a different matter. But here it was in the possession of the state. The state rights come into effect. Judge Ferguson, I'll defer to you. I do know that there are several federal statutes that include state and local governments within the definition of person. I haven't had the occasion to look at how the Controlled Substances Act defines that. Read the statute all you want to. It just says person. How did the warrant read? Was it the warrant itself? The warrant read that the marijuana which had been possessed, it possessed in violation and was subject to forfeiture under Section 881A1, Section, Subsection F and Subsection G, and was currently in the possession of the Portland Police Bureau. That's all it said, Portland Police Bureau? It didn't identify any custodian of the property division, contraband section of the Portland Police Department? I don't believe, if I, I think it says that approximately 2.49 grams of marijuana confiscated from Samuel Kama on January 28, 1999, and currently in the possession of the Portland Oregon Police Bureau, 1132 Southwest 17th Avenue, Portland, Oregon. So it didn't identify any individual. It doesn't say to take it from the state court. It says currently in the possession of the state police bureau. That's right. As I understand it, although 841 says person, 881 just says all controlled substances in Schedule I that are possessed in violation of the Controlled Substances Act shall be deemed contraband and seized and summarily forfeited. That's right, Your Honor. What state, what law, what marijuana law has the state violated? The state has not violated a marijuana law, except to the extent that it orders something that is in itself in derogation of federal law. And that is made clear by 21 U.S. I can't believe the federal government, in violation of states' rights, think they have the right to seize something that is in possession of the state merely because they think they have a right to do so. Your Honor, there are any number of situations in which the federal government has criminalized something that the state government has not. And it is imperative. I understand, but you're telling me that the state hasn't violated any law. To the extent the state was ordering the return of marijuana to Mr. Kama in derogation. You don't need that, do you? Because it was possessed in violation of the law back when Kama possessed it. That's right. So you don't need the state to have violated the law to turn it into contraband. As soon as Kama had his hands on it, it was contraband because he's a person. It was contraband under 841 and 881. That's right. And it didn't lose its status as contraband. The only way that happens is with deodand. That's exactly right, Your Honor. Mr. Kama possessed it and cultivated it in violation of federal law. And the specific reference you are, which is 881A8, says that subject to forfeiture is any controlled substance that has been possessed in violation of federal law. Is there anything else you need to tell us that you think we need to hear from you in order to make a decision in this case? No, Your Honor. Thank you. The case just argued is ordered and submitted. We're in recess until tomorrow morning at 9 o'clock. Thank you.
judges: Ferguson, Trott, Kleinfeld